UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph A. Prado,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Williams,<br><br>　　　　　　　　　Defendant. | Case No.: 16cv2203-CAB-BGS<br><br>**Order Denying Motion to Amend [Doc. No. 10]** |

On August 26, 2016, Petitioner, a state prisoner proceeding *pro se*, submitted a Petitioner for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. [Doc. No. 1.] The Court dismissed the action on September 2, 2016, because Petitioner had failed to satisfy the filing fee requirement, and because he had failed to name a proper respondent, failed to state a cognizable claim for relief, and failed to allege exhaustion of state court remedies. [Doc. No. 2.] He was given until November 8, 2016 to either pay the $5.00 fee or submit adequate proof of his inability to pay the fee and file a First Amended Petition which cured the pleading deficiencies outlined in the Order of dismissal. *Id.*

On September 19, 2016, Petitioner submitted a motion to proceed *in forma pauperis* [Doc. No. 4], but did not file a First Amended Petition. On September 26, 2016, the Court granted the motion to proceed *in forma pauperis*. [Doc. No. 5.] However, the action remained dismissed because no First Amended Petition had been filed. [*Id.* at 2.]

1  Petitioner was given until November 8, 2016 to file a First Amended Petition that cured
2  the deficiencies outlined in this Court's order of September 9, 2016. *Id.* Since then,
3  Petitioner has submitted several documents that have been rejected, as they did not
4  appear to be a First Amended Petition. [See Doc. Nos. 6, 7, 8.] On November 17, 2016,
5  Petitioner filed a document which this Court deemed to be a motion to amend, as it
6  referenced a "motion to make amends before November 8th, 2016 . . ." [Doc. No. 10 at 1.]

7       Petitioner's motion to amend is difficult to decipher, as it merely places words on
8  various parts of the page, but there is no discernable narrative as to Petitioner's claims.
9  Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for
10 relief in a pleading it must contain "a short and plain statement of the grounds for the
11 court's jurisdiction" and "a short and plain statement of the claim showing that the
12 pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) & (2).   Here, the Court finds that
13 Plaintiff's motion to amend falls shorts of complying with Rule 8. Moreover, any
14 amended Petition must be complete by itself without reference to the original pleading.
15 See *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir.
16 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693
17 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which
18 are not re-alleged in an amended pleading may be "considered waived if not repled.").

19      For these reasons, the motion to amend is **DENIED**.  This case **REMAINS**
20 **DISMISSED.**  The Petitioner is given leave to file a First Amended Petition that is
21 complete by itself without reference to the prior pleading or motion, and addresses the
22 deficiencies outlined in the Court's order of September 9, 2016, no later than **January 3,**
23 **2017.**

24 Dated:  November 21, 2016

_____
Hon. Cathy Ann Bencivengo
United States District Judge